**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **STATE OF MISSOURI ex rel.** ) | |
| **CATHERINE L. HANAWAY,** ) | |
| **ATTORNEY GENERAL OF MISSOURI,** ) | |
|  ) | |
| **&** ) | |
|  ) | |
| **MERLYN JOHNSON,** ) | |
|  ) | **Case No.  4:26-cv-00171-SRC** |
| **Plaintiffs,** ) | |
|  ) | |
| **v.** ) | |
|  ) | |
| **MISSOURI STATE HIGH SCHOOL** ) | |
| **ACTIVITIES ASSOCIATION,** ) | |
|  ) | |
| **Defendant.** ) | |

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE
OR IN THE ALTERNATIVE TO TRANSFER,
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION,
AND TO DISMISS FOR FAILURE TO STATE A CLAIM**

COMES NOW Defendant Missouri State High School Activities Association ("MSHSAA" or the "Association"), by and through its respective counsel, and respectfully requests that this Court dismiss Plaintiffs' Complaint for improper venue, or, in the alternative, transfer this action to the United States District Court for the Western District of Missouri; dismiss the State of Missouri with prejudice for lack of subject matter jurisdiction; and dismiss certain claims with prejudice for failure to state a claim upon which relief can be granted..

In support of this Motion to Dismiss, Defendant submits the accompanying Memorandum in Support, filed herewith, and otherwise states as follows:

1.      Plaintiffs' Complaint was filed on February 4, 2026, and served on Defendant on February 9, 2026.

1

2.       Plaintiffs' Complaint concerns MSHSAA's constitutional provision requiring the two "At-Large" positions on the Board of Directors to be "filled by a candidate representing the under-represented gender of the current Board, or an under-represented ethnicity." Doc. [1] ¶ 76.

3.       Plaintiff Merlyn Johnson ("Dr. Johnson") alleges that he was nominated for the At-Large Region 2 seat on the Board of Directors in 2025. According to the Complaint, "at the time of Dr. Johnson's nomination, MSHSAA's Board had a majority of male and white, non-Hispanic members." *Id.* ¶ 31. Because of the Board's composition, Dr. Johnson alleges MSHSAA rejected his candidacy for the At-Large Region 2 seat.

4.       Dr. Johnson (along with the State of Missouri, asserting a "quasi-sovereign interest in the health and wellbeing—both physical and economic—of its residents in general") brings a four-count Complaint against MSHSAA arising from Dr. Johnson's candidacy for the At-Large Region 2 seat.

5.       The entire Complaint should be dismissed for improper venue. If the case is to continue, the proper venue is the United States District Court for the Western District of Missouri and the proper parties should be Plaintiff Johnson and Defendant MSHSAA. The State of Missouri cannot participate in this case for lack of subject matter jurisdiction and Counts III and IV should be dismissed in their entirety with prejudice as to all parties for failure to state a viable or permissible claim.

6.       Under Section 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

2

7.      MSHSAA does not reside in the Eastern District of Missouri for venue purposes.

8.      Additionally, a substantial part of the events or omissions giving rise to the claim did not occur in the Eastern District of Missouri.

9.      Because this action could have been brought in the Western District of Missouri under Sections 1391(b)(1) & (2), Section 1391(b)(3) does not apply, and venue is not proper in the Eastern District of Missouri.

10.     Pursuant to Section 1406(a), when venue is improper, the case must be dismissed or, if in the interest of justice, transferred. Defendant believes dismissal is proper. If the Court determines otherwise, however, Defendant respectfully moves that this case be transferred to the Western District of Missouri.

11.     In the alternative, this case should be transferred to the Western District of Missouri pursuant to Section 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

12.     Aside and apart from venue issues, the State cannot participate in this case because of a lack of subject matter jurisdiction.

13.     The Court's recent decision in *Missouri v. Starbucks Corp.*, No. 4:25-CV-00165-JAR, 2026 WL 309714 (E.D. Mo. Feb. 5, 2026), provides a thorough and directly applicable framework for evaluating the State of Missouri's attempt to invoke *parens patriae* standing in a discrimination action.

14.     Under that framework (which is grounded in Article III, *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592 (1982), and Eighth Circuit precedent), Missouri has not and cannot demonstrate the concrete injury and genuine quasi-sovereign interest necessary to proceed on Counts II, III, and IV.

3

15.     The State's claims under the Fourteenth Amendment, Title VII, and Section 1981 should be dismissed as to the State of Missouri and the Attorney General for lack of subject matter jurisdiction.

16.     Independent of the State's dismissal for lack of subject matter jurisdiction, Counts III and IV should be dismissed as to all parties for failure to state a claim upon which relief can be granted.

17.     The State's Title VII claim must be dismissed because the State is not authorized to sue under Title VII and the State failed to exhaust administrative remedies.

18.     Plaintiffs' Count IV must be dismissed because freestanding Section 1981 claims are barred; Section 1981 does not reach sex discrimination; and Plaintiffs fail to allege a specific law or proceeding of which they were denied the full and equal benefit.

WHEREFORE, for the foregoing reasons as well as those set forth in the accompanying Memorandum in Support, Defendant respectfully requests that this Court:

- Dismiss the Complaint in its entirety for improper venue;

- Alternatively, transfer this action to the United States District Court for the Western District of Missouri;

- Dismiss the State of Missouri with prejudice for lack of subject matter jurisdiction; and

- Dismiss Counts III and IV with prejudice as to all parties for failure to state a claim upon which relief can be granted.

4

Respectfully submitted,

**MICKES O'TOOLE, LLC**

/s/ *Grant Wiens*
Grant Wiens, #65701MO
Natalie A. Hoernschemeyer, #49692MO
Katelyn Schmidt, #77085MO
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131
Telephone: (314) 878-5600
Facsimile: (314) 878-5607
gwiens@mickesotoole.com
natalie@mickesotoole.com
kschmidt@mickesotoole.com

*Attorneys for Defendant Missouri State High School Activities Association*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of April 2026 a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, to be served upon all counsel of record.

<u>/s/ *Grant Wiens*</u>