**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **STATE OF MISSOURI ex rel.** ) | |
| **CATHERINE L. HANAWAY,** ) | |
| **ATTORNEY GENERAL OF MISSOURI,** ) | |
| ) | |
| **&** ) | |
| ) | |
| **MERLYN JOHNSON,** ) | |
| ) | **Case No.  4:26-cv-00171-SRC** |
| Plaintiffs, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MISSOURI STATE HIGH SCHOOL** ) | |
| **ACTIVITIES ASSOCIATION,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE**
**TO THE UNITED STATES' MOTION TO INTERVENE**

Defendant Missouri State High School Activities Association ("MSHSAA"), by and through undersigned counsel, respectfully requests that this Court deny the United States' Motion to Intervene for the reasons set forth below.

**INTRODUCTION**

The United States seeks to intervene in a narrowly framed dispute that already involves a sovereign plaintiff actively pursuing the same constitutional claims and the same relief. Its motion identifies no distinct interest, no gap in representation, and no case-specific reason why its participation is necessary. Instead, the United States relies on a generalized interest in constitutional compliance (an interest fully and competently represented here by the State of Missouri) and a conclusory certification asserting "general public importance" without explanation or factual grounding and signed by an Attorney General who is no longer in office. The United States' Motion to Intervene should be denied in full.

1

**APPLICABLE LAW**

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention of right and permissive intervention. Under Rule 24(a), on timely motion, the Court must permit anyone to intervene who "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Under Rule 24(b)(1), on timely motion, the Court may permit anyone to intervene who "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion under Rule 24(b)(1), the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

**DISCUSSION**

The United States argues that it is entitled to intervene pursuant to Rule 24(a)(1), Rule 24(a)(2), and Rule 24(b)(1)(A). Defendant addresses each asserted basis in turn, beginning with Rule 24(a)(2).

## I.     The United States does not qualify for intervention of right under Rule 24(a)(2)

To intervene as of right under Rule 24(a)(2), a proposed intervenor must establish a significantly protectable interest, show that disposition of the action may impair that interest, and demonstrate that existing parties do not adequately represent it. The United States fails to meet these requirements.

The United States claims that it has a significant protectable interest in ensuring that state and local programs do not violate the Fourteenth Amendment. The United States identifies no authority holding that such a broad, undifferentiated interest is adequate for purposes of Rule 24(a)(2). Instead,

2

it relies on decisions recognizing, at a general level, that the federal government is "harmed" when federal law is violated. But if that proposition were enough to establish a "significantly protectable interest," the United States could intervene in every case in which a state actor (or alleged state actor) is accused of violating federal law or the Constitution. That result would eliminate Rule 24(a)(2)'s limiting function entirely and cannot be correct.

This case illustrates why more is required. The Complaint challenges a single decision by a private, nonprofit association, affecting one Missourian's candidacy for a seat on a volunteer board. The conduct at issue—MSHSAA's application of its criteria for two at-large board seats—has not impaired federal sovereignty, disrupted any federal program, undermined the national economy, or interfered with the United States' ability to carry out any governmental function. No federal institution has been harmed and no uniquely federal interest is at stake. Absent a concrete, case-specific interest distinct from a generalized desire to enforce the Constitution, the United States does not possess the "significantly protectable interest" Rule 24(a)(2) requires.

The United States has additionally failed to demonstrate that its asserted interest is not already adequately represented. The State of Missouri is a named plaintiff in this action and is actively prosecuting the same constitutional claims, seeking the same declaratory and injunctive relief, and advancing the same legal theories the United States proposes to assert. The United States offers no explanation why Missouri is incapable of representing the United States' interests. Indeed, the State has made clear that the State brings this action in its sovereign capacity to protect the constitutional rights of Missourians and to vindicate compliance with the Fourteenth Amendment within its borders. That is the very same interest the United States now tries to assert. The United States has not identified any divergence in interests, litigation strategy, or desired remedy that would justify intervention.

3

## II.    The United States does not qualify for permissive intervention under Rule 24(b)(1)(2)

The United States also seeks permissive intervention under Rule 24(b). Even assuming the threshold requirement of a shared question of law or fact could be satisfied, permissive intervention remains discretionary, and Rule 24(b)(3) expressly requires the Court to consider whether intervention would unduly delay or prejudice the adjudication of the original parties' rights. *See S. Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) ("The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights."). Here, those concerns are substantial.

Allowing an additional sovereign party to intervene would materially increase the cost and complexity of this litigation in a manner that directly undermines judicial economy, without conferring any corresponding benefit. The interests the United States seeks to advance are already fully represented in this action. The State of Missouri brings this suit in its sovereign capacity to vindicate constitutional compliance and protect the rights of Missourians, and the United States proposes to assert the same Equal Protection claim, rely on the same legal principles, and seek the same declaratory and injunctive relief. Because the United States would merely duplicate claims and remedies already before the Court, intervention would add nothing of substance. Instead, the addition of another sovereign litigant would predictably result in expanded motion practice, additional discovery disputes, longer briefing, and more complicated scheduling. Coordination among multiple sovereign entities— each operating with separate counsel and internal approval processes—would further complicate case management, unduly burdening both Defendant and the Court. The Court should therefore decline to permit intervention under Rule 24(b).

## III.    The United States does not qualify for intervention of right under Rule 24(a)(1)

Finally, the United States claims it has an unconditional statutory right to intervene under 42 U.S.C. § 2000h-2, which states as follows:

4

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

Relying on Section 2000h-2, the United States has submitted a certification executed by former Attorney General Pamela Bondi. The certification consists of a single sentence stating, in full: "I, Pamela Bondi, Attorney General of the United States, hereby certify, in accordance with 42 U.S.C. § 2000h-2 that the above-captioned case is of general public importance."

Certain federal statutes condition federal intervention or suit on certification or a finding by the Attorney General that a matter is of "general public importance." For example, the Fair Housing Act authorizes suit by the Attorney General when the Attorney General has reasonable cause to believe that a denial of rights "raises an issue of general public importance." 42 U.S.C. § 3614(a). Similar language appears in Title VII and the ADA. *See* 42 U.S.C. § 2000e-5(f)(1) ("Upon timely application, the court may, in its discretion, permit the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance."); 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5 . . . of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General . . . .").

Courts addressing these statutes have not agreed on the degree of deference owed to an Attorney General's determination that a case is of "general public importance." In *United States v. Pfeiffer*, 2021 WL 2529948, at *5 (D. Minn. June 21, 2021), the Court recognized that, at least in the context of the Fair Housing Act, there exists "a circuit split as to the degree of deference courts should give the Attorney General when determining what constitutes 'general public importance.'" *Compare*

5

*United States v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 125 n. 14 (5th Cir. 1973) ("It is not for the District Court to determine when an issue of public importance justifying the intervention of the Attorney General is raised."), with *United States v. Hunter*, 459 F.2d 205, 217-18 (4th Cir. 1972) (examining whether the case actually raised an issue of "general public importance"). The Court noted that the Eighth Circuit had not yet addressed the issue. *Pfeiffer*, 2021 WL 2529948, at *5 n. 2.

The Eighth Circuit also does not appear to have addressed the proper scope of judicial review under Section 2000h-2, that statute referenced by the United States for its unconditional right to intervene. In the absence of controlling authority, a more exacting approach is warranted.

That caution is especially appropriate here. The certification submitted contains no explanation as to why this case is of general public importance. It provides no facts, no legal context, and no articulation of a broader public impact. Far from raising an issue of general public importance, this case concerns a highly localized dispute involving the internal governance of a private, nonprofit association and the candidacy of a single individual for a seat on a volunteer board.

Moreover, the certification is signed and executed by Pamela Bondi, who was no longer serving as the Attorney General on the date the motion to intervene was filed. Where statutory intervention as a right turns entirely on the certification of the Attorney General, the Court should be cautious about accepting a one-sentence, unexplained statement executed by an official who no longer held the office at the time of filing.

WHEREFORE, Defendant Missouri State High School Activities Association respectfully requests that this Court deny the United States' Motion to Intervene.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

/s/ *Grant Wiens*
Grant Wiens, #65701MO

6

Natalie A. Hoernschemeyer, #49692MO
Katelyn Schmidt, #77085MO
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131
Telephone: (314) 878-5600
Facsimile: (314) 878-5607
gwiens@mickesotoole.com
natalie@mickesotoole.com
kschmidt@mickesotoole.com

*Attorneys for Defendant Missouri State High School
Activities Association*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April 2026 a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, to be served upon all counsel of record.

/s/ *Grant Wiens*

7