UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI *ex rel.*<br>CATHERINE L. HANAWAY,<br>Attorney General of the State of Missouri,<br>and MERYLN JOHNSON,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>MISSOURI STATE HIGH SCHOOL<br>ACTIVITIES ASSOCIATION,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-00171-SRC |

## <u>Order</u>

In February 2025, the State of Missouri and Merlyn Johnson—a nominee to MSHSAA's Board of Directors—sued MSHSAA for allegedly violating federal law prohibiting race and sex discrimination.  Doc. 1 at 1 (The Court cites to page numbers as assigned by CM/ECF.).  Two months later, the United States moved to intervene in this case.  Doc. 16.  Missouri and Johnson consent to the United States' intervention, doc. 16 at 1, but MSHSAA objects, doc. 24 at 1.  For the following reasons, the Court grants the United States' Motion.

Federal Rule of Civil Procedure 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who:  is given an unconditional right to intervene by federal statute."  Fed. R. Civ. P. 24(a)(1); *see also United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 837 (8th Cir. 2009).  Courts liberally construe Rule 24 with all "doubts resolved in favor of the proposed intervenor."  *Nat'l Parks Conservation Ass'n v. E.P.A.*, 759 F.3d 969, 975 (8th Cir. 2014) (citation omitted).

Because no party disputes the timeliness of the United States' Motion, *see* doc. 17; doc. 24, the Court turns to whether the United States has "an unconditional right to intervene by federal statute," Fed. R. Civ. P 24(a)(1). The United States argues, in part, that it has an unconditional statutory right to intervene under 42 U.S.C. § 2000h-2. Doc. 17 at 1. The statute states that:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C. § 2000h-2. The United States asserts that the suit alleges that "MSHSAA's policies with regard to eligibility for the Board's at-large seats violate equal protection based on race, color, national origin, and/or sex." Doc. 17 at 4 (citing doc. 1 at ¶¶ 126–34). And the United States Attorney General "certified that this case is of 'general public importance.'" Doc. 17 at 4 (citing doc. 17-2 at 1). So the Court must permit the United States to intervene as of right, it argues. Doc. 17 at 4. MSHSAA responds that the "[t]he Eighth Circuit . . . does not appear to have addressed the proper scope of judicial review under Section 2000h-2." Doc. 24 at 6. So because of "the absence of controlling authority, a more exacting approach is warranted." *Id.* at 6. But MSHSAA's argument for "a more exacting approach" falls flat.

First, MSHSAA argues that in the Fair Housing Act context a circuit split exists whether, and to what extent, courts should defer to the Attorney General's certification that a case is of "general public importance." Doc. 24 at 5–6. But there, a circuit split exists for good reason: the statute states that "*the court may, in its discretion*, permit . . . the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil

2

action upon certification that the case is of general public importance." 42 U.S.C. § 2000e-5(f)(1).

Here, however, 42 U.S.C. § 2000h-2 confers no discretion on the district court regarding the Attorney General's certification. *See* 42 U.S.C. § 2000h-2. And as the Supreme Court held, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *City & Cnty. of S.F. v. E.P.A.*, 604 U.S. 334, 344 (2025); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, at 93–100 (2012) (discussing the Omitted-Case Canon). Further, the weight of authority supports the United States' intervention as of right. 7C *Wright & Miller's Federal Practice and Procedure* § 1906 (3d. ed. 2026) (collecting cases supporting the proposition that 42 U.S.C. § 2000h-2 provides the Attorney General with an unconditional statutory right to intervene).

MSHSAA also argues that "caution is especially appropriate here" because "[t]he certification submitted contains no explanation as to why this case is of general public importance." Doc. 24 at 6. But the Court's exercise of caution cuts the other way. MSHSAA provides no justiciable standard with which the Court should conduct a "more exacting" review of the Attorney General's certification. *Id.* at 6. And in the absence of binding precedent from the Eight Circuit, the Court exercises caution and resolves all "doubts . . . in favor of the proposed intervenor." *Nat'l Parks*, 759 F.3d at 975.

Finally, MSHSAA argues that because Pamela Bondi is no longer the Attorney General, "the Court should be cautious about accepting a one-sentence, unexplained statement executed by an official who no longer held the office at the time of filing." Doc. 24 at 6. The Court finds this argument meritless. MSHSAA doesn't dispute that Pamela Bondi was the Attorney General

3

when she certified that the case is of general public importance.  Doc. 17-2 at 1.  Thus, the

United States met the requirements of 42 U.S.C. § 2000h-2.

Accordingly, the Court grants the United States' [16] Motion.  The Court directs the

Clerk of Court to separately docket the United States' Complaint in Intervention.  Doc. 17-1.

So ordered this 13th day of May 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE