**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |
|---|---|
| STATE OF MISSOURI *ex rel.* CATHERINE L. HANAWAY , ATTORNEY G ENERAL OF MISSOURI, <br><br> & <br><br> MERLYN JOHNSON, <br>           *Plaintiffs*, <br><br> v. <br><br> MISSOURI STATE HIGH SCHOOL ACTIVITIES ASSOCIATION, <br><br>           *Defendant*. | Case No. 4:26-cv-00171-SRC <br><br> **COMPLAINT IN INTERVENTION FOR DECLARATORY AND INJUNCTIVE RELIEF** |

The United States of America ("United States") brings this Complaint in Intervention pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2, and alleges:

**INTRODUCTION**

1. Plaintiff Merlyn Johnson ("Dr. Johnson") was nominated to serve on the Board of Directors for Defendant Missouri State High School Activities Association ("MSHSAA").

2. Dr. Johnson met all the organization's constitutionally required qualifications for serving on its Board.

3. He was a school superintendent of a member school in good standing in his district.

4. But Dr. Johnson's candidacy was rejected by MSHSAA.

5. Despite being nominated, MSHSAA told Dr. Johnson he could not be a candidate for a board position for one immutable reason: he is a white male.

1



6.      "Distinctions between citizens solely because of their ancestry are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality." *Students for Fair Admissions v. Harvard Coll.*, 600 U.S. 181, 208 (2023) ("SFFA") (quoting *Rice v. Cayetano*, 528 U.S. 495, 517 (2000)).

7.      Despite the constitutional mandate "that the Government must treat citizens as individuals, not as simply components of a racial, religious, sexual or national class," *SFFA*, 600 U.S. at 223 (quoting *Miller v. Johnson*, 515 U.S. 900, 911 (1995)), MSHSAA classifies candidates for seats on its governing Board by race and sex, and then treats such candidates differently based on these classifications.

8.      By conditioning eligibility for seats on its governing Board on the candidates' race and sex, MSHSAA has engaged in systematic unconstitutional race and sex-based discrimination and violated the Fourteenth Amendment's Equal Protection Clause.

9.      The United States invokes its authority under 42 U.S.C. § 2000h-2 and files this Complaint in Intervention for declaratory and injunctive relief to remedy MSHSAA's unconstitutional discrimination against Dr. Johnson.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343 because this case involves claims under a provision of the U.S. Constitution, and because the United States can intervene, as of right, in any action "seeking relief from the denial of equal protection of the laws under the [F]ourteenth [A]mendment to the Constitution on account of race, color, religion, sex or national origin." 42 U.S.C. § 2000h-2.

11.     This Court may grant the requested declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 2000h-2.

2

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because MSHSAA resides in the Eastern District and a substantial part of the events or omissions giving rise to the claims occurred in this district.  Divisional venue is proper in the Eastern Division pursuant to this Court's Local Rule 2.07(A)(1).

13. This action concerns a violation of the Equal Protection Clause. Because this case is of general public importance, as certified by the Attorney General of the United States, *see* Ex. A, the United States is authorized under 42 U.S.C. § 2000h-2 to intervene in this matter.

**PARTIES**

14. Plaintiff-Intervenor is the United States of America.

15. Plaintiff State of Missouri is a sovereign State of the United States of America.

16. Plaintiff Catherine Hanaway is the 45th Attorney General of the State of Missouri and is authorized, by Missouri law, to bring actions on behalf of Missouri that are "necessary to protect the rights and interests of the state, and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be necessary." Mo. Rev. Stat. § 27.060.

17. Plaintiff Merlyn Johnson is a citizen of Missouri. Dr. Johnson is the Superintendent of Cassville R-IV School District.

18. Defendant MSHSAA maintains an office at 1 North Keene Street, Columbia, MO 65201. MSHSAA is "a voluntary, nonprofit, educational association of secondary schools established for the purpose of working collaboratively to develop and adopt standards of supervision and administration to regulate the diverse interscholastic activities and contests which are delegated by the member schools to the jurisdiction of the Association." ECF 1; Ex. A at 17 (MSHSAA Const. art. II, § 2).

3

**FACTS**

19.     MSHSAA has 724 member Missouri schools, most of which are public schools.

20.     MSHSAA also has 249 affiliate-registered schools and 28 home-school associations.  Many of these schools are also public schools.  *See* Member School Listing, MSHSAA, https://tinyurl.com/58524c3a (last visited Feb. 13, 2026).

21.     The majority of MSHSAA funding comes from ticket sales to games predominantly played by public schools.  *See* ECF 1, Ex. C at 5.

22.     MSHSAA employs over fifteen people.  *See* ECF 1, Ex. A at 5.

23.     MSHSAA's employees are eligible for membership in the state-retirement system. *See* ECF 1, Ex. D at 3.

24.     MSHSAA is governed by its Board of Directors, which includes ten elected directors.  *Id.* at 21 (MSHSAA Const. art. IV, § 2.a).

25.     Jennifer Rukstad is the Executive Director of MSHSAA. As Executive Director, Dr. Rukstad is responsible for "carry[ing] out the policies of the Board of Directors."  ECF 1, Ex. A at 24 (MSHSAA Const. art. IV, § 7.a).

26.     MSHSAA's Constitution establishes eligibility criteria for membership on its Board of Directors.

27.     Membership on the Board of Directors is limited to superintendents, principals, or activities directors of a member school in good standing in their respective districts.  MSHSAA Const. art. IV, § 2.b.

28.     According to the MSHSAA's Constitution, eight of the ten directors are district members—one from each of the eight membership districts.

4

29.     Two of the ten directors are elected from two different "At-Large" regions.[1] Additionally, "[e]ach of two At-Large positions shall be filled by a candidate representing the under-represented gender of the current Board, or an under-represented ethnicity." *Id.* (MSHSAA Const. art. IV, § 2.b.2).

30.     In 2025, Dr. Johnson was nominated for the MSHSAA Board of Directors At-Large Region 2 seat.  *See* ECF 1, Ex. B at 12.

31.     When Dr. Johnson was nominated, MSHSAA's Board was comprised of a majority of male, white, non-Hispanic members.  *Id.*

32.     On March 18, 2025, Dr. Johnson received an email from MSHSAA's Executive Director, Dr. Rukstad, explicitly informing him that "[s]ince [he] is a male," he is "not eligible to be a candidate for" the at-large board position since males already constituted a majority of the Board.  *Id.* (citing MSHSAA Const. art. IV, § 2.b.2 (Ex. A at 21)). Dr. Rukstad's email continued by stating that "[t]he ethnicity of the board has a majority of white, non-Hispanic members." *Id.* She invited Dr. Johnson to share "the minority ethnicity or race group in which [he] identif[ies]" but cautioned Dr. Johnson that unless he was something other than a white non-Hispanic person, he would fail to meet the eligibility requirements for the seat in question.  *Id.*

33.     Dr. Johnson is a Caucasian, non-Hispanic male.

34.     Because of his ethnicity and sex, Dr. Johnson's candidacy for Region 2, the At-Large seat, was disqualified.  He otherwise met all necessary eligibility criteria.

---

[1] According to the MSHSAA's Constitution, At-Large "Region 1 … consist[s] of the Kansas City and St. Louis MSHSAA Board Districts," and At-Large Region 2 of the remaining six districts. *See* ECF 1, Ex. A at 22 ((MSHSAA Const. art. IV, § 3.a).

35.     After Dr. Johnson contacted the Missouri State Auditor about being denied an opportunity to run for the Board, the Auditor requested that MSHSAA confirm the existence of the race- and sex-based policies and justify them. ECF No. 1, Ex. B at 3, 10-11.

36.     In response to the Auditor's inquiries, MSHSAA acknowledged the existence of the policies in question and defended them, writing that "[t]he constitutional language related to at-large board positions is deliberately designed to promote inclusivity while avoiding any form of exclusion or rigid identity-based quotas.  It expands access, rather than restricts it." ECF 1, Ex. B at 7 (emphasis omitted).

37.     The Board maintained that the race and sex requirements for At-Large seats "operate[] similarly to longstanding geographic representation practices, which ensure that every region of the state has a voice in governance." *Id.*  According to the Board, "the language in question is not exclusionary and does not create any bar to participation" because "[a]ny individual, regardless of gender or ethnicity, is free to run for a seat on the board from their respective board district." *Id.*

38.     Furthermore, according to the Board, even if the requirements for At-Large seats are discriminatory, such discrimination survives strict scrutiny.  *Id.* at 8.  The Board said that "ensuring inclusive representation on a statewide regulatory board that impacts 720 public and private school communities is a legitimate and compelling interest," and that because the race and sex requirements apply to only two out of ten seats, the provision is narrowly tailored to achieve the stated interest.  *Id.*

39.     The Board said that setting aside two seats "does not operate as a quota or barrier to any qualified member because it does not exclude anyone from candidacy or impose prerequisites. Rather, it invites broader, more intentional consideration of candidate diversity and promotes the inclusion of perspectives that may otherwise go unheard." *Id.*

40.     MSHSAA noted that in its 100-year history, it "never had a minority or female board member initially join the Board through the standard nomination and election process prior to the addition of the at-large provision.   The enduring underrepresentation highlights the presence of systemic barriers to participation, and the at-large provision aims to address this imbalance." *Id.* at 9.

41.     MSHSAA denied Dr. Johnson the equal protection of the laws under the Fourteenth Amendment on account of his race and sex.

42.     On February 4, 2026, the State of Missouri and Dr. Johnson instituted the present action against MSHSAA, asserting four causes of action for unlawful race and sex discrimination, unlawful discrimination with respect to conditions of employment, and discriminatory protection of the full and equal benefit of all laws.  *See* ECF 1. Plaintiffs seek declaratory and injunctive relief, nominal damages, costs, and attorney fees.

43.     Plaintiffs and the United States need judicial relief declaring that MSHSAA's constitution and actions are unconstitutional under the Fourteenth Amendment of the U.S. Constitution.

**Count I:**
**Violation of the Fourteenth Amendment's Equal Protection Clause**
**Unlawful Race and Sex Discrimination**

44.    The United States realleges and incorporates by reference paragraphs 1-43 of the Complaint as if fully stated herein.

45.    The Fourteenth Amendment to the United States Constitution prohibits a State from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

46.    For the purposes of the Fourteenth Amendment, MSHSAA is a "state actor." *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296-98 (2001).

47.    MSHSAA refused to consider Dr. Johnson for the at-large board position solely because of his race and sex.

48.    MSHSAA's constitution attempts to control the race and sex of the Board.

49.    Refusing to consider a candidate for office because of his or her race is discrimination. *See Anderson v. Martin*, 375 U.S. 399, 401-02 (1964).

50.    MSHSAA's asserted interest of "ensuring inclusive representation on a statewide regulatory board," ECF 1, Ex. B at 8, is not a cognizable compelling governmental interest and does not survive either heightened or strict scrutiny. *See Johnson v. Miller*, 864 F. Supp. 1354, 1379 (S.D. Ga. 1994), *aff'd and remanded*, 515 U.S. 900 (1995) ("To erect the goal of proportional representation is to erect an implicit quota for black voters.  Far from a compelling state interest, such an effort is unconstitutional.")

51.    Even if inclusive representation was a compelling interest (and it is not), MSHSAA's policy is not narrowly tailored to achieve that interest, because MSHSAA can

8

accomplish its goals by race-neutral means.  The existence of race-neutral alternatives proves that the policy chosen by the Board is not narrowly tailored to achieve its interest.

52.     Refusing to consider a candidate "simply because" of his or her sex is discrimination under the Equal Protection Clause.  *See United States v. Virginia*, 518 U.S. 515, 532 (1996).

53.     Just like it is an "offensive and demeaning assumption that [people] of a particular race, because of their race, think alike," *Miller*, 515 U.S. at 911, it is an equally offensive and demeaning assumption that all men or women think alike based on their sex.

54.     Even assuming that inclusive representation was a sufficiently important government interest to satisfy intermediate scrutiny (and it is not), MSHSAA can achieve this interest by race- and sex-neutral means.

55.     Unless restrained by this Court, MSHSAA will continue to violate the Equal Protection Clause and cause Dr. Johnson harm.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment against Defendant Missouri State High School Activities Association and grant the following relief:

a.  A declaratory judgment that MSHSAA's policies and actions detailed herein are unlawful under Amendment XIV, § 1 of the U.S. Constitution and violate Plaintiff Dr. Johnson's rights;

b.  A declaratory judgment stating that MSHSAA's race and sex-based qualifications for at-large board positions are unconstitutional;

c.  A permanent injunction prohibiting MSHSAA and its officers, agents, and employees, from disqualifying candidates for the at-large board positions on the

basis of race or sex and from engaging in unlawful discrimination on the bases of race and sex.

    d.   An award of such additional relief as the interests of justice may require.


DATED: April 2, 2026

THOMAS C. ALBUS
United States Attorney
Eastern District of Missouri



*/s/ Anthony J. Debre*
ANTHONY J. DEBRE #67612MO
Assistant United States Attorney

United States Attorney's Office
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
Phone: (314) 539-2200
E-mail: anthony.debre@usdoj.gov

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

JESUS A. OSETE
Principal Deputy Assistant Attorney General

ERIC SELL
Deputy Assistant Attorney General

*s/ Gregory Dolin*
GREGORY DOLIN (DC No. 497455)
Senior Counsel

Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 598-9251
Email: gregory.dolin@usdoj.gov

ATTORNEYS FOR INTERVENOR-PLAINTIFF
UNITED STATES OF AMERICA

10